N THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Leroy Folkes, ) | Civil Action No.: 8:10-22-HMH-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Lt. Wade Byrd, et al. ) | |
| ) | |
| Defendants. ) | |

The pro se Plaintiff filed this prisoner civil rights action on January 7, 2010. Before the court is the Plaintiff's motion for trial (Dkt. # 36) and motion for a default judgment (Dkt. # 37).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

I. **DEMAND FOR TRIAL**

The Plaintiff has made a demand for trial. When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. Fed.R.Civ.P. 39. Here, the Plaintiff's jury demand has already been noted on the docket. The demand is recognized and the Plaintiff will be entitled to a jury trial if this case is not decided based upon dispositive motions. *See Burt v. Abel*, 585 F.2d 613, 616 (4th Cir.1978).

II. **DEFAULT JUDGMENT**

In his motion for default, the Plaintiff states a default judgment should be entered because the Defendants have failed to timely and adequately respond to discovery requests. (Dkt. # 37.) To the extent that the Plaintiff is alleging that the Defendants have

failed to properly respond to discovery requests, a default judgment is not a proper. The gravamen of his motion is the imposition of sanctions for failure to timely or adequately respond to discovery, which is addressed in Rule 37(d), Fed. R. Civ. P.  While the Plaintiff cites to Rules 55 which addresses default judgments, this rule has nothing to do with the purported failure to answer discovery timely or adequately.  Fed.R.Civ.P.  55.[1]

In any event, the Plaintiff errs in his basic contention that the Defendants' discovery responses were late.  The Plaintiff contends that the Defendants' dispositive motions were due on or before April 26, 2010, a well as their responses to his discovery requests, and that no filing had been made by the Defendants.  However, the Plaintiff is mistaken.  On April 28, 2010, the undersigned granted the Defendants' motion for an extension of time in which to file their dispositive motions. (Dkt. # 27.)[2]   The Defendants were given until May 31, 2010, to file dispositive motions.

Then, on May 14, 2010, the Plaintiff filed a motion for enlargement of time for discovery.  In a response by the Defendants filed on May 27, 2010, they supported the request for enlargement of time and requested that all other deadlines be extended as well. On June 2, 2010, an Order was issued giving the parties until July 19, 2010, to complete discovery and until August 2, 2010, to file dispositive motions. (Dkt. #32.)

Finally, if the Plaintiff is asserting that the Defendants failed to adequately respond to discovery requests that he sent to the Defendants, any motion for sanctions would have to be denied as the Plaintiff has failed to attach copies of his requests. *See, e.g., Siriwat v. South Carolina Dept. of Corr.*,  2009 WL 514060 (D.S.C. 2009).

---

[1]Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed.R.Civ.P. 55(a)

[2]The Defendants' motion for the extension was filed April 27, 2010 (Dkt. # 25.)

2

Based on the foregoing, it is recommended that the Plaintiff's motion for trial (Dkt. # 36) and motion for a default judgment (Dkt. # 37) be denied.

IT IS SO RECOMMENDED.

                                              s/Bruce Howe Hendricks
                                              United States Magistrate Judge

August 2, 2010
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**