IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Leroy Folkes, #298608, | ) |
| | ) C.A. No. 8:10-22-HMH-BHH |
| Plaintiff, | ) |
| | ) |
| vs. | ) **OPINION AND ORDER** |
| | ) |
| Lt. Wade Byrd, Sgt. Wright, Ms. Carwile, | ) |
| Ms. Jackson, Capt. Wade, Ofc. McKnight, | ) |
| and Sgt. Springer, all in his or her | ) |
| individual capacities, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce Howe Hendricks, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Leroy Folkes ("Folkes"), a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. In her Report, Magistrate Judge Hendricks recommends granting summary judgment in favor of Defendants and dismissing the claims with prejudice.

Folkes filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that some of Folkes' objections are nonspecific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, Folkes raises three specific objections: (1) he properly exhausted his claims; (2) the magistrate judge failed to address his claim for medical indifference; and (3) he was denied access to the prison law library. (Objections 1.)

The magistrate judge determined that Folkes properly exhausted his medical indifference claims, but that his claims for failure to receive adequate mental health treatment and excessive force were unexhausted. (Report & Recommendation 5-8.) Folkes contends that he completed a Step 1 grievance pursuant to South Carolina Department of Corrections' ("SCDC") grievance policy, and therefore, his claims are exhausted. (Objections 1.) However, as the magistrate judge noted in her Report, a prisoner exhausts SCDC administrative remedies only when Steps 1 and 2 are completed. (Report & Recommendation 6.) With respect to Folkes' claims that he did not receive adequate mental health treatment, his Step 2 grievance was pending when he filed his § 1983 claim. (Id. at 7.) A prisoner's claim must be exhausted at the time the suit is filed. See Perez v. Wis. Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prisoner

remedies before judgment."). Therefore, the court agrees that this claim is not properly exhausted.

The magistrate judge also found that Folkes did not properly exhaust his excessive force claims because he failed to file timely grievances under SCDC's grievance policy. (Report & Recommendation 8.) Folkes does not specifically object to the magistrate judge's determination that his excessive force grievance was untimely. Finding no error, the court agrees with the magistrate judge that this claim is not properly exhausted. Based on the foregoing, the court finds that Folkes failed to exhaust his medical indifference and excessive force claims.

Folkes also argues that the magistrate judge failed to address his medical indifference claim. (Objections 1.) However, a review of the Report and Recommendation indicates that the magistrate judge found that Folkes' medical indifference claims fail because he could not show "deliberate indifference" to any "serious medical needs." (Report & Recommendation 8-11.) Specifically, the magistrate judge concluded that the evidence demonstrated Folkes received appropriate medical care, and that Folkes merely disagreed with medical treatment provided by the prison. (Id. at 11.) However, "[d]isagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). The court agrees with the magistrate judge that Folkes has failed to present any material evidence that would preclude entry of summary judgment in favor of Defendant Byrd on this claim.

In his objections to the Report and Recommendation, Folkes alleges that he was denied access to the law library while incarcerated at SCDC. (Objections 1.) This claim was not alleged in his complaint or in his memorandum in opposition of summary judgment. Because Folkes'

3

deprivation of access to the courts claim was not presented to the magistrate judge, the court declines to entertain this claim for the first time at the summary judgment stage. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) (declining to address an issue that was raised for the first time in a party's objections to the magistrate judge's Report and Recommendation).

In her Report and Recommendation, the magistrate judge recommended dismissing Folkes' claims with prejudice. Generally, courts dismiss claims for failure to exhaust state or administrative remedies without prejudice to allow the plaintiff the opportunity to refile the claims after they are properly exhausted. Garner v. Dunbar, No. 92-7125, 1993 WL 51136, at *1 (4th Cir. Feb. 26, 1993) (unpublished). However, when a plaintiff is barred from engaging in the administrative process due to that process's internal rules, a court is authorized to dismiss a claim with prejudice. Gayle v. United Parcel Serv., Inc., 401 F.3d 222, 230 (4th Cir. 2005); see also Walker v. Thompson, 288 F.3d 1005, 1009 (7th Cir. 2002) ("Dismissal for failure to exhaust is without prejudice and so does not bar the reinstatement of the suit unless it is too late to exhaust, as otherwise a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one." (internal quotation marks and citations omitted)). Because the SCDC grievance policy bars Folkes' excessive force claim, the court agrees that it should be dismissed with prejudice. However, Folkes' inadequate mental health treatment claims are not foreclosed by SCDC's grievance policy, and therefore, Folkes should have the opportunity to fully exhaust and renew these claims. Therefore, Folkes' inadequate mental health treatment claim is dismissed without prejudice.

After a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge Hendricks' Report and Recommendation to the extent it is consistent with this opinion.

It is therefore

**ORDERED** that Defendants' motion for summary judgment, docket number 46, is granted. It is further

**ORDERED** that Folkes' excessive force, medical indifference, and conspiracy claims are dismissed with prejudice, and that Folkes' state law claims and inadequate mental health treatment claims are dismissed without prejudice.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
November 15, 2010

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.